# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRELL OREA COLLYMORE** | : | CIVIL ACTION |
| *Petitioner pro-se* | : | |
| | : | NO. 19-4665 |
| v. | : | |
| | : | |
| **LEE ESTOCK,** *et al.*, | : | |
| *Respondents* | : | |

# ORDER

**AND NOW** this 1st day of October 2020, upon consideration of Petitioner Darrell Orea Collymore's ("Petitioner") *pro-se petition for writ of habeas corpus*, [ECF 2], and the Commonwealth's response in opposition thereto, [ECF 18], and after a careful review of the Report and Recommendation issued by United States Magistrate Judge Jacob P. Hart, [ECF 19] to which no objections were filed, it is hereby **ORDERED** that:

(1) The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

(2) Petitioner's petition for a writ of *habeas corpus*, [ECF 2], is **DENIED**;

(3) No probable cause exists to issue a certificate of appealability;[2] and

---

[1] On June 30, 2020, the Report and Recommendation ("R&R"), was filed recommending that the *habeas* petition be dismissed. [ECF 19]. Though notice of the R&R was sent to Petitioner on July 1, 2020, Petitioner has not filed any objections and the time to do so has expired. In the absence of any objections, the R&R is reviewed under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). Here, after a thorough independent review of the record and the R&R, this Court finds no error was committed by the Magistrate Judge and, therefore, approves and adopts the R&R in its entirety.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or

2

(4) The Clerk of Court is directed to mark this matter **CLOSED**.

                                        **BY THE COURT:**

                                        /s/ *Nitza I. Quiñones Alejandro*
                                        **NITZA I. QUIÑONES ALEJANDRO**
                                        *Judge, United States District Court*

---

wrong." *Slack,* 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.